IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-66,755-01 & -02






EX PARTE JEFFREY SCOTT HATFIELD, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 0317333A & 0518060A IN THE 8
TH DISTRICT COURT


FROM HOPKINS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession
and manufacture of methamphetamine. He was sentenced to twenty-five years' imprisonment for
each count. He did not appeal his convictions.

 Applicant contends (1) that his convictions for possession and manufacture of
methamphetamine violate the Fifth Amendment's protection against double jeopardy; (2) that trial
counsel was ineffective for not objecting before trial on double jeopardy grounds; and (3) that
counsel's representation was compromised by a conflict of interest. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall then make findings of fact as to whether Applicant's convictions violate
the Fifth Amendment's protection against double jeopardy. Specifically, the trial court shall make
findings as to what the facts of the possession and manufacture offenses were and whether there were
two separate quantities of methamphetamine. The trial court shall also make findings of fact as to
whether the performance of Applicant's trial counsel, with respect to Applicant's double jeopardy
claim, was deficient and, if so, whether counsel's deficient performance prejudiced Applicant.
Finally, the trial court shall make findings as to whether counsel, in representing Applicant and a co-defendant, had a conflict of interest. The trial court shall make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues.
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: May 9, 2007

Do not publish